# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

VICKIE CANNON SANCHEZ,

    Plaintiff,

*v*.                                        Case No. 06-CV-13471

COMMISSIONER OF            DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,             MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.     RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is no longer disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

### II.     REPORT

    **A.     Introduction and Procedural History**

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 9, 10.)

In August 1993, Plaintiff filed an application for Supplemental Security Income benefits. (Tr. at 37.) The application was denied at the initial administrative stages. (*Id.*) Plaintiff filed a Request for Hearing before an Administrative Law Judge. (*Id.*) After a hearing, on April 12, 1996, Administrative Law Judge ("ALJ") Ira S. Epstein found Plaintiff disabled and ordered the award of benefits. (Tr. at 37-40.) Specifically, ALJ Epstein found that Plaintiff's condition met the requirements of Listed Impairments 12.04 and 12.06. (Tr. at 41-44.)

In late February 2000, an employee of the Commissioner forwarded to Plaintiff a document entitled "Notice of Continuing Disability Review." (Tr. at 52-53.) On September 22, 2000, a Notice of Disability Cessation was forwarded to the Plaintiff. (Tr. at 54-55.) That Notice states, in part:

> you did not return 2 of the 3 forms we mailed to you. You also missed two examinations, the last one having been scheduled at your specific specifications. The available evidence does not show a disabling impairment and you have failed to cooperate with our efforts to obtain the information needed to show you are disabled. Therefore your disability is ceased based on failure to cooperate.

(Tr. at 54.) Plaintiff submitted a Request for Reconsideration. (Tr. at 59.) In September of 2002, Plaintiff met with a Disability Hearing Officer (Tr. at 60-67.) In a Notice of Reconsideration dated September 16, 2002, the Disability Hearing Officer concluded in pertinent part that "because you have failed to cooperate in providing evidence in support of your claim, it is not possible to find that your disability continues. This means that you are not eligible for SSI cash payments [.]" (Tr. at 60.) Plaintiff requested a hearing before an Administrative Law Judge (Tr. at 69) and on July

7, 2004, appeared before ALJ Bennett S. Engelman. (Tr. at 641-670.) On June 13, 2006, Plaintiff appeared for a second hearing, with counsel, before ALJ Engelman, during which Plaintiff testified (Tr. at 628-634) as did a Vocational Expert. (Tr. at 634-639.) In a Decision issued July 8, 2005, the ALJ found that Plaintiff's disability had ceased as of September 1, 2000. (Tr. at 18-29.) Plaintiff sought review of this unfavorable decision. (Tr. at 12-14.) The ALJ's decision became the final decision of the Commissioner on June 29, 2006, when, after the review of additional exhibits[2] (Tr. at 601-625), the Appeals Council denied Plaintiff's request for review. (Tr. at 5-7.) On August 2, 2006, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

**B.     Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*[.]" *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

---

[2]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ

need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

#### 1. Social Security Act

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

As mentioned, the standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the extent that he or she can perform substantial gainful activity. *Casiano, Jr. v. Heckler*, 746 F.2d 1144 (6th Cir.1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. *Id.* at 1148.

#### 2. Termination of Benefits

20 C.F.R. §416.994(a) provides that an individual's entitlement to benefits under the Social Security Act will be reviewed periodically for continued entitlement to benefits. In those cases, the central question is whether the claimant's medical impairments have improved to the point where the claimant is able to perform substantial gainful activity. 42 U.S.C. § 423(f)(1). Improvement is measured from "the

most recent favorable decision" that the claimant was disabled. 20 C.F.R. § 416.994(b)(1)(i). There is no presumption of continuing disability. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-287, n. 1 (6th Cir.1994). Instead, the Commissioner applies the procedures that are outlined in 20 C.F.R. §§ 404.1594 and 416.994 to determine whether a claimant's disability has ended such that she is now able to work.

The first part of the evaluation process focuses on medical improvement. The implementing regulations define a medical improvement as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1). A determination of medical improvement "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s)." *Id.* A medical improvement is related to an individual's ability to work only "if there has been a decrease in the severity ... of the impairment(s) present at the time of the most recent favorable medical decision and an increase in your functional capacity to do basic work activities ..." 20 C.F.R. § 404.1594(b)(3). *See also, Nierzwick v. Comm'r of Social Security,* 7 Fed. Appx. 358, 361, 2001 WL 303522, *1 (6th Cir. Mar. 19, 2001).

The second part of the evaluation process relates to ability to engage in substantial gainful activity. The implementing regulations incorporate many of the standards set forth in regulations governing initial disability determinations. See 20 C.F.R. § 404.1594(b)(5) and (f)(7). The difference, however, is that the ultimate burden of proof lies with the Commissioner in termination proceedings. *Id.; Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir.1991).

### 3. Failure to Cooperate

If a claimant fails to cooperate with the continuing disability review process, he or she may be found ineligible for benefits. 20 C.F.R. § 404.1594(e)(2). The Commissioner's regulations state that "if the individual ... fails, without good cause, to cooperate in a review of the entitlement to

such benefits...." 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1518(a), 404.1594(e). In making "any determination relating to...failure by any individual without good cause to cooperate..., the Commissioner...shall specifically take into account any physical, mental, educational, or linguistic limitation such individual may have (including any lack of facility with the English language)." 42 U.S.C. § 423(f).

### D. Administrative Record

Evidence contained in the administrative record and presented to the ALJ indicates that throughout much of the period at issue, Plaintiff was regularly seen by Dr. Yong of Health Delivery, Inc. at the Bayside Health Center. (Tr. at 192-319, 548-600). Plaintiff was also seen on a number of occasions at the Bay Medical Center emergency room (Tr. at 175-191, 406-518), the McLaren Regional Medical Center emergency room (Tr. at 339-405), and the Mease Dunedin Hospital emergency room in Florida. (Tr. at 519-527.) On at least two occasions, Plaintiff was examined by Dr. Gavin Awerbuch. (Tr. at 323-327, 531-532.) Plaintiff also underwent a psychological examination at the request of the Disability Determination Service which was conducted by Drs. Mark Zaroff and Margaret Cappone. (Tr. at 535-542.)

### E. ALJ's Findings

In his Decision, the ALJ evaluated the medical evidence presented as well as the testimony elicited during the administrative hearing and found that Plaintiff's medical condition had improved and that the improvement was related to her ability to work. The ALJ concluded that as of September 1, 2000, Plaintiff possessed the residual functional capacity to return to a limited

range of light exertion work.[3] (Tr. at 25-28.) In the process, he made no mention of the basis originally cited by the Commissioner for the cessation of Plaintiff's benefits.

### F. Review of ALJ's Determination

### 1. Legal Standards

According to the Code of Federal Regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's cessation of benefits analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite

---

[3]In the numbered "Findings" section of the Decision, however, a residual functional capacity for sedentary work is listed (Tr. at 29.) I suggest that this is not a fatal error, as the Commissioner's regulations state that if a claimant is found to possess a greater level of functional capacity, he or she is also capable of lower levels of exertion. 20 C.F.R. § 404.1567 (b)-(e).

conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As to Plaintiff's allegations of disabling physical impairments, after review of this record, I suggest that substantial evidence supports the findings of the ALJ. Although Plaintiff clearly suffers some level of physical impairment (Tr. at 263, 323-27, 490, 531-32), from the comparison point for the Commissioner's cessation of benefits analysis forward, numerous treating physicians at multiple different facilities all reported physical examination results, particularly with regard to Plaintiff's strength and range of motion, that support the ALJ's residual functional capacity finding. (Tr. at 178, 182, 184, 188, 203, 340-341, 358, 366-367 375, 385, 400, 418, 453, 463-464, 471, 478, 491, 498, 508, 520, 586). I further suggest that x-rays, scans and other objective medical tests are not inconsistent with the ALJ's findings. (Tr. at 308-312, 317-319, 406, 472, 503, 514, 523.) Moreover, the ALJ's findings are fully consistent with the report made to the Michigan Family Independence Agency by Dr. Yong in March of 2004. (Tr. at 557.)

The ALJ failed to find Plaintiff's complaints of disabling pain fully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective

medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

In the present case, the ALJ acknowledged that Plaintiff had impairments, particularly migraine headaches and an alleged seizure disorder, that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility"); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at *3 (6th Cir. Feb. 11, 1999) (unpublished). While Plaintiff consistently prescribes a history of migraine headaches and seizure disorder, I suggest that under the standard set forth above, there is insufficient evidence as to the frequency and severity of these conditions on this record to overturn the ALJ's credibility determination. I rely especially on the consultative psychologist's findings, along with the opinions expressed by Dr. Yong in his March 2004 report. (Tr. at 541, 557.)

As to Plaintiff's claims of disabling mental impairments, I suggest that the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *see also Walker v. Sec'y of Health & Human*

*Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). Nowhere in this record do any of Plaintiff's treating physicians make any findings as to Plaintiff's mental condition consistent with the requirements of the Commissioner's listed mental impairments, including the mental impairments cited in the Commissioner's original decision granting Plaintiff benefits. I further suggest that the consultative psychologist's finding highlighted by Plaintiff, (Tr. at 547), is insufficient to compel a finding of disability, as it meets only one of the required criteria. It is the law of this circuit that a claimant must meet all criteria of a listing in order to be deemed disabled on the basis of the medical evidence alone. *Young v Sec'y of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990). Plaintiff displayed erratic behavior before both the Commissioner's employees, (Tr. at 65, 136, 141), and her own treating physicians (Tr. at 201, 283, 296, 346, 355, 364, 372, 382, 406) which may arguably be consistent with some of the diagnoses made by Drs. Yong and Awerbuch. However, I am unable to conclude that this behavior alone is a sufficient basis under the Commissioner's mental impairment regulations to overturn the ALJ's findings.

Plaintiff's counsel argues at some length that the ALJ impermissibly disregarded the opinions of Plaintiff's treating physicians. With the possible exception of the consultative psychologist's finding discussed previously, which is not that of a treating physician, my review of this record fails to disclose treating source opinions which the ALJ disregarded.

Finally, I suggest that any issues revolving around Plaintiff's failures to cooperate with the Commissioner's representatives during their earlier continuing disability review are no longer before the court. The ALJ never mentioned these incidents in his Decision. Further, it is equally important that subsequent to that disability review, Plaintiff timely appeared, with counsel, before the ALJ, and gave testimony. Moreover, the record is now replete with literally hundreds of medical records.

Accordingly, after review of this record, I conclude that the decision of ALJ Engelman, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: December 19, 2007                  United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Mikel Lupisella, and the Commissioner of Social Security, and served on U.S. District Judge Ludington in the traditional manner.


Date:  December 19, 2007                By     s/Patricia T. Morris
                                                            Law Clerk to Magistrate Judge Binder